IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AMOS SANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-047 |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**O R D E R**

Petitioner, an inmate at Riverbend Correctional Facility in Milledgeville, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He originally filed the petition in the Middle District of Georgia, but United States District Judge Marc T. Treadwell transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in the Superior Court of McDuffie County. (Doc. no. 5.) In a simultaneously filed Report and Recommendation, the Court recommends dismissal of the petition as untimely. This Order addresses Petitioner's motion for appointment of counsel. (Doc. no. 3.)

There is no automatic constitutional right to counsel in habeas proceedings. See

---

[1]Petitioner is currently incarcerated at Riverbend Correctional Facility, a private prison operated by a corporation pursuant to a contract with the Georgia Department of Corrections. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner; however, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "the petition must name as respondent the state officer who has custody." The Commissioner of the Department of Corrections is the state officer in charge of Georgia's penal institutions. See O.C.G.A. § 42-2-6. Accordingly, the

Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "In a habeas action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[2] (citations omitted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed, there is no federal constitutional right" to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his detailed petition describing his underlying criminal, as well as collateral, proceedings in state court. Nor does the case present any due process concerns. Accordingly, the motion for appointment of counsel is **DENIED**. (Doc. no. 3.)

SO ORDERED this 3rd day of May, 2019, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Court **DIRECTS** the Clerk to substitute Commissioner Timothy C. Ward as Respondent.

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.