IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AMOS SANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-047 |
| | ) | |
| TIMOTHY C. WARD, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

## I. BACKGROUND

On August 23, 2002, Petitioner plead guilty to armed robbery, aggravated assault, and possession of a firearm during commission of a crime in the Superior Court of McDuffie County, and the court sentenced him to sixty-five years imprisonment. (Doc. no. 1, p. 1.) On October 17, 2003, Petitioner filed a motion to modify his sentence, which the Superior Court of McDuffie County denied on October 29, 2003. (Doc. no. 1-1, p.1.) Petitioner did not file any other post-judgment motions or appeals until March 7, 2016, when Petitioner filed a "Motion for Out-of-Time Appeal/Breach of Plea Agreement," which the Superior

Court of McDuffie County denied on March 17, 2016. (Id. at 1-2.) Petitioner appealed the denial, but the Georgia Court of Appeals denied his appeal as untimely. (Id.) The Georgia Court of Appeals also granted Petitioner an extension through February 28, 2017, to file a brief, but then denied Petitioner's motion. (Id.)

On March 1, 2017, Petitioner filed a "motion to correct null and void sentence" in the Superior Court of McDuffie County, and the court denied his motion on May 5, 2017. (Id. at 3.) Petitioner filed a state habeas corpus petition in the Superior Court of Baldwin County on January 9, 2018. (Id. at 3-4.) The court held a hearing on April 18, 2018, and denied Petitioner's state habeas as untimely during the hearing. (Id. at 5.) Subsequently, Petitioner filed a certificate of probable cause in the Georgia Supreme Court on April 26, 2018, which was denied on January 7, 2019. (Id. at 5-6.)

Petitioner filed the instant federal habeas corpus petition on February 19, 2019, in the Middle District of Georgia. (Doc. no. 1.) United States District Judge Marc T. Treadwell transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in the Superior Court of McDuffie County. (Doc. no. 5.) Petitioner claims (1) his guilty plea is null and void because it was based on a faulty factual basis, the trial court did not advise Petitioner of his right to appeal, and the trial court did not advise Petitioner of its intention to disregard the plea agreement; (2) his sentence is void because it was disproportionate to the crime, he should not have been given consecutive sentences, and sentence enhancement was improper; (3) he received ineffective assistance of counsel because he was not informed of appellate rights, counsel did not file a notice of appeal, and counsel did not seek relief with the sentence review panel; and (4) the Superior Court of Baldwin County and Georgia Supreme Court improperly dismissed Petitioner's habeas corpus petition without "meritorious review." (Id. at 5-7.)

## II. DISCUSSION

### A. The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his conviction, judgment, and motion to modify sentence on October 29, 2003, his conviction became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final in November 2003.

Petitioner had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. §

3

2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner states he did not file any request for post-conviction relief or other motion until March 7, 2016, when he filed a motion for an out of time appeal. (Doc. no. 1-1, p. 1.) The one-year limitations period for filing a federal petition had already expired by the time he filed the motion for an out of time appeal, meaning no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in February of 2019, over fifteen years after his convictions became final in October 2003, is untimely.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three situations which may delay or reset its one-year statute of limitations: (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections.

Further, Petitioner is also not entitled to tolling of the limitations period because his state habeas corpus proceeding was held to be untimely. Where a state habeas petition is

4

denied as untimely, it does not toll the one-year AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and [petitioner] is not entitled to statutory tolling under § 2244(d)(2)."); see also Allen v. Siebert, 552 U.S. 3, 6 (2007) (explaining when postconviction remedy under state law is untimely under state law "that is the end of the matter"); Jones v. Sec'y, Fla. Dep't Corr., 906 F.3d 1339, 1353 (11th Cir. 2018) (following Pace). Petitioner clearly states his motions for an out-of-time appeal and state petition for habeas corpus were denied as untimely. (Doc. no. 1-1, pp. 1-5.) Therefore, his current petition is untimely. Pace, 544 U.S. at 417.

An otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

5

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (*per curiam*) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95 (emphasis added).

Petitioner argues his petition is not untimely because he was not properly advised of his appeal rights by his counsel, which amounted to ineffective assistance of counsel. (Doc. no. 1, pp. 9-10.) He cites Walters v. Scott, 21 F.3d 683 (5th Cir. 1994), as support. However, Walters is not analogous to Petitioner's case. In Walters, a federal habeas petition was held not to be untimely even though the inmate's conviction became final nine years before filing. Id. at 685-86. The petition was not untimely because the inmate attempted to assert his rights immediately but was blocked by his appointed counsel when counsel assured the inmate an appeal was filed when it was not. Id. Here, Petitioner does not state any facts

6

showing any attempt to file an appeal was blocked by his attorney abandoning him. In fact, Petitioner does not present any facts showing he attempted to appeal his conviction at any point between 2003 to 2016. See Cadet v. Florida Dept. of Corr., 853 F.3d 1216, 1222-37 (11th Cir. 2017) ("[A]n attorney's negligence, even gross negligence, or misunderstanding about the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes.")

In sum, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the approximately thirteen years between when his conviction became final and when he began seeking collateral relief in the state courts in 2016. Nor has he presented any evidence, much less new, reliable evidence, to show he did not commit the offense of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA